Geoffrey S. Sheldon, Bar No. 185560
gsheldon@lcwlegal.com
Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
Alex Y. Wong, Bar No. 217667
awong@lcwlegal.com
Victor D. Gonzalez, Bar No. 345477
vgonzalez@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:    310.337.0837

Attorneys for Defendants COUNTY OF LOS ANGELES and ANTHONY C. MARRONE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN HUBBARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; ANTHONY C. MARRONE, Chief of Los Angeles County Fire Department, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-03541-PA (RAOx)<br><br>Complaint Filed: March 8, 2023<br>FAC Filed: June 22, 2023<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF**<br><br>Date:       June 3, 2024<br>Time:       1:30 p.m.<br>Courtroom: 9A |

Defendants COUNTY OF LOS ANGELES and ANTHONY C. MARRONE (collectively "County" or "Defendants"), by and through their attorneys of record, hereby oppose Plaintiff Bryan Hubbard and the Opt-in Plaintiffs' (collectively "Plaintiffs") Motion for Relief to equitably toll the statute of limitations for their FLSA claims from the filing of their Consent to Join forms on January 30, 2024 back to the date of the filing of the initial collective action complaint on March 8, 2023.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................... 5

II. RELEVANT PROCEDURAL HISTORY ................................................. 6

III. LEGAL STANDARDS .............................................................................. 7

    A. FLSA COLLECTIVE ACTION CERTIFICATION IN THE NINTH CIRCUIT RELIES ON A TWO-STEP APPROACH ................................................................................. 7

    B. FLSA COLLECTIVE ACTION CERTIFICATION IN THE SIXTH CIRCUIT RELIES ON A STRICTER STANDARD ............................................................................... 7

IV. LEGAL ARGUMENT ............................................................................... 8

    A. *GUY* IS INNAPPLICABLE IN THE NINTH CIRCUIT ..................... 8

    B. EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS IS NOT WARRANTED ............................................ 10

    C. RULE 23 AND ITS UNDERLYING PRINCIPLES ARE INNAPPLICABLE ............................................................................. 11

V. OTHER BASES AGAINST GRANTING PLAINTIFFS' MOTION ..................................................................................................... 12

VI. CONCLUSION ......................................................................................... 14

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12445110.2 LO140-815

Defendants' Opposition to Plaintiffs' Motion for Relief

|   | **TABLE OF AUTHORITIES** |
|---|---|
|   | **Page(s)** |

**Federal Cases**

*Absopure Water Co., LLC*
  2023 U.S. Dist. LEXIS 208546 .................................................................................................. 8

*Adams v. Inter-Con Sec. Sys., Inc.*
  242 F.R.D. 530, 543 (N.D. Cal. 2007) ..................................................................................... 10

*Ah Quin v. County of Kauai DOT*
  733 F.3d 267, 270 (9th Cir. 2013) ............................................................................................ 13

*Allen v. Beard*
  2019 WL 2501925, at fn. 3 (S.D. Cal. June 7, 2019) ............................................................... 13

*Campbell v. City of Los Angeles*
  903 F.3d 1090 (9th Cir. 2018) ..................................................................................... 5, 7, 8, 11

*Clark v. A&L Homecare & Training Ctr., LLC*
  68 F.4th 1003 (6th Cir. 2023) ................................................................................................ 5, 8

*Coppernoll v. Hamcor, Inc.*
  2017 WL 1508853 (N.D. Cal. Apr. 27, 2017) ......................................................................... 11

*Delgado v. Ortho-McNeil, Inc.*
  2007 U.S. Dist. LEXIS 7473 (C.D. Cal. 2007.) ....................................................................... 10

*Genesis Healthcare Corp. v. Symczyk*
  569 U.S. 66, S. Ct. 1523 (2013) ................................................................................................. 7

*Guy v. Absopure Water Co., LLC*
  2023 U.S. Dist. LEXIS 208546 ........................................................................................... 5, 6, 8

*Helton v. Factor 5, Inc.,*
  2011 WL 5925078 (N.D. Cal. Nov. 28, 2011) ......................................................................... 10

*Javine v. San Luis Ambulance Service, Inc.*
  2015 WL 12672090 (C.D. Cal. Jan. 13, 2015) ........................................................................... 7

*Juvera v. Salcido*
  294 F.R.D. 516 (D. Ariz. 2013) .................................................................................................. 7

*Labrie v. UPS Supply Chain Solutions, Inc.*
  2009 WL 723559 (N.D. Cal. Mar. 18, 2009) ............................................................................. 7

*Love v. Harsh Inv. Corp.*
  1993 U.S. App. LEXIS 973 (9th Cir. 1993) ............................................................................ 13

*McElmurry v. U.S. Bank Nat'l Ass'n*
  495 F.3d 1136 citing 29 U.S.C. § 216(b) ................................................................................. 12

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*New Hampshire v. Maine*
 532 U.S. 742 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) .......................................... 13

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*
 971 F.3d 1042 (9th Cir. 2020) ............................................................................ 13

*Saleh v. Valbin Corp.*
 297 F. Supp. 3d 1025 (N.D. Cal. 2017) ............................................................... 7

*Stoll v. Runyon*
 165 F.3d 1238 (9th Cir. 1999) ............................................................................ 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Motion for Relief ("Motion") to equitably toll the statute of limitations for their FLSA claims from the filing of their Consent to Join forms on January 30, 2024 back to the date of the filing of the initial collective action complaint on March 8, 2023 should be denied because Plaintiffs do not support their Motion with case law applicable in the Ninth Circuit. The case Plaintiffs rely on to support their Motion, *Guy v. Absopure Water Co., LLC*, 2023 U.S. Dist. LEXIS 208546, at *12 (E.D. Mich. 2023), is an unpublished Eastern District of Michigan case which was recently decided. The application of equitable tolling in *Guy* is premised on the one-step approach using a heightened standard for determining whether to certify collective actions employed in the Sixth Circuit pursuant to *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). In the Ninth Circuit, a two-step approach, with a lenient first step in conditionally certifying a collective action is used. (*Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018).) Plaintiffs do not provide any Ninth Circuit precedent to support the application of equitable tolling for FLSA collective actions. Additionally, the principles underlying Rule 23 which were relied upon in *Guy* in applying equitable tolling do not apply in the Ninth Circuit due to its two-phased approach to FLSA collective action certification. Plaintiff's Motion should be denied because it also does not include a Certificate of Compliance and the Motion is an attempt to circumvent the word and page limit of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("MSJ"). Further, Plaintiffs previously requested equitable tolling in its Motion for Conditional Certification of FLSA Collective Action to the date of the filing of that motion. Plaintiffs are now taking the clearly inconsistent position that a request for equitable tolling must be brought by a standalone motion and that tolling should date back to the filing of the collective action complaint. Plaintiffs should be

judicially estopped.

## II.  RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their FLSA collective action complaint on March 8, 2023 (Dkt. No. 1-1). Nearly seven months later, on September 25, 2023, Plaintiffs filed their Motion for Conditional Certification of FLSA Collective Action.[1] (Dkt. No. 27.) In that motion, Plaintiffs asked this Court to toll the statute of limitations beginning on the date of their motion through the end of the opt-in period. (*Id.* at p. 16:8-9.) This Court, in its order granting Plaintiffs' motion, denied Plaintiffs' request for equitable tolling, finding that there were no extraordinary circumstances or misconduct that warranted tolling. (Dkt. No. 32, pp. 6-7.) The notice of the FLSA collective action and Consent to Join forms were sent to potential opt-in plaintiffs on November 24, 2023 and were filed with this Court on January 30, 2024. (Dkt. No. 39-1, p. 2:15-25.) On April 8, 2024, Defendants filed a Motion for Summary Judgment, which argued, in part, that equitable tolling of the statute of limitations is not warranted in this case. (Dkt. No. 41.) Instead of addressing the merits of Defendants' arguments regarding the inapplicability of equitable tolling to this case, Plaintiff stated they would move for equitable tolling through a standalone motion that would be filed April 29, 2024. (Dkt. No. 47, p. 16:5-7.) Plaintiffs' filed the present Motion for Relief ("Motion") on May 6, 2024, renewing their request for equitable tolling. However, Plaintiffs now request that this Court toll the statute of limitations back to the filing of the collective action complaint (March 8, 2023), relying on an unpublished Eastern District of Michigan case, *Guy v. Absopure Water Co.*, LLC, 2023 U.S. Dist. LEXIS 208546, at *12 (E.D. Mich. 2023), which was recently decided in November 2023.

---

[1] Plaintiffs filed their Motion for Conditional Certification of FLSA Collective Action the *very last* possible day to the file the motion in compliance with the Court's order setting the deadline to hear the motion. (Dkt. No. 21.)

Defendants' Opposition to Plaintiffs' Motion for Relief

12445110.2 LO140-815

### III. LEGAL STANDARDS

#### A. FLSA COLLECTIVE ACTION CERTIFICATION IN THE NINTH CIRCUIT RELIES ON A TWO-STEP APPROACH

As set forth in this Court's order granting conditional FLSA collective action certification, in the Ninth Circuit, courts follow a two-step process for certification of an FLSA collective action. (*Campbell*, 903 F.3d at 1110; Dkt. No. 32, p. 2.) The first step in the process occurs when plaintiffs move for preliminary, or conditional, certification *at or around the pleading stage*. (*Id.* at 1109-10.) A court's decision whether to conditionally certify the collective action relies on a determination of whether the potential opt-in plaintiffs are "similarly situated." (*Id.* at 1110-11.) In making this determination, courts apply a "fairly lenient" standard, which "typically results in certification." (*Javine v. San Luis Ambulance Service, Inc.*, 13-CV-07480, 2015 WL 12672090, at *6 (C.D. Cal. Jan. 13, 2015).) "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action *only by filing written consent with the court*." (*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S. Ct. 1523 (2013) (emphasis added).)

The second step in the process for conditional certification involves defendants moving to decertify the collective action. (*Saleh v. Valbin Corp.*, 297 F. Supp. 3d 1025, 1030 (N.D. Cal. 2017).) This step occurs only after potential opt-in plaintiffs have received notice of the collective action and discovery has been completed. (*Labrie v. UPS Supply Chain Solutions, Inc.*, C 08-3182, 2009 WL 723559, at *10-12 (N.D. Cal. Mar. 18, 2009).) In deciding whether to decertify the collective action, courts reevaluate the "similarly situated" question under a "stricter standard." (*Juvera v. Salcido*, 294 F.R.D. 516, 519-520 (D. Ariz. 2013).)

#### B. FLSA COLLECTIVE ACTION CERTIFICATION IN THE SIXTH CIRCUIT RELIES ON A STRICTER STANDARD

In contrast, the Sixth Circuit has eliminated the two-step process for FLSA

1 collective action certification and instead the named plaintiffs must show a "strong
2 likelihood" that other employees are similarly situated before facilitating notice of
3 the lawsuit to other employees. (*Clark v. A&L Homecare & Training Ctr., LLC*, 68
4 F.4th 1003, 1011 (6th Cir. 2023).) Because of this new heightened standard in
5 *Clark*, the Sixth Circuit noted that a district court may promptly initiate discovery
6 relevant to the motion, including if necessary by "court order." (*Id.*) In *Clark's*
7 concurring decision, the Sixth Circuit stated tolling the statute of limitations should
8 be considered because the "heightened standard … with its concomitant discovery
9 and requirement to litigate defenses, may significantly lengthen the period before
10 potential plaintiffs are notified of a pending FLSA lawsuit. As a result, many
11 potential plaintiffs may not learn of the FLSA action until after the limitations
12 period for some or all of their claims has run." (*Id.* at 1012.)

### IV. LEGAL ARGUMENT
#### A. *GUY* IS INNAPPLICABLE IN THE NINTH CIRCUIT

15 The case Plaintiffs rely on to support their argument for equitable tolling,
16 *Guy v. Absopure Water Co.*, LLC, 2023 U.S. Dist. LEXIS 208546, is wholly
17 inapplicable in the Ninth Circuit. In Plaintiffs' Motion, they cite to language in
18 *Guy* which states "*in light of the heightened standard* under which district courts
19 are to determine whether plaintiffs are similarly situated announced by Sixth
20 Circuit's recent decision in *Clark*, 'district courts should freely grant equitable
21 tolling to would-be opt-in plaintiffs.'" (Plaintiff's Motion, p. 6:12-16, citing *Guy v.*
22 *Absopure Water Co.*, LLC, 2023 U.S. Dist. LEXIS 208546, at *9, emphasis added.)
23 The Ninth Circuit's two-step process, set forth in *Campbell*, for FLSA collective
24 action certification does not rely on the heightened standard set forth in the Sixth
25 Circuit by *Clark*. As such, Plaintiffs argument as to why this Court should equitably
26 toll the statute of limitations is premised on factors that are wholly irrelevant to the
27 process by which the Ninth Circuit certifies collective actions.
28 As explained in *Campbell*, plaintiffs typically seek conditional certification at

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

or around the pleading stage. (*Campbell*, 903 F.3d at 1109.) In contrast to the heightened standard for the conditional certification process in the Sixth Circuit, in the Ninth Circuit, courts employ a lenient standard in conditionally certifying a collective action, which is "sometimes articulated as requiring 'substantial allegations,' sometimes as turning on a 'reasonable basis,' but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings." (*Id.*, citations omitted.) The heightened standard for collective action certification in the Sixth Circuit requires discovery *prior* to certification (*Clark*, 68 F.4th 1003 at 1011), whereas in the Ninth Circuit, the courts analysis for collective action certification occurs pre-discovery and is "typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." (*Campbell*, 903 F.3d at 1109.) The need for equitable tolling in *Guy* is premised on the fact that conditional certification requires discovery to meet the court's heightened standard requiring plaintiffs to show that there is a strong likelihood that plaintiffs are similarly situated. In the Ninth Circuit, there is no similar need for equitable tolling due to the two-step collective action certification process.

In addition to *Guy* not being applicable in the Ninth Circuit, this Court already initiated the two-step process for FLSA collective action certification when it granted Plaintiffs' Motion for Conditional Certification of FLSA Collective Action on October 23, 2023. (Dkt. No. 32.) Additionally, the Opt-in Plaintiffs have already filed their Consent to Joins forms. (Dkt. No. 39.) The need for equitable tolling in *Guy* was based on the fact that the Sixth Circuit has a one-step process for conditional certification and that potential opt-in plaintiffs do not receive notice of the collective action until after conditional certification. Here, Plaintiffs were notified of the collection action on November 23, 2023 after the first step of the collective action certification process. (Dkt. No. 39-1, p. 2:15-16.)

For the forgoing reasons, the standard for equitable tolling the statute of

9

12445110.2 LO140-815

Defendants' Opposition to Plaintiffs' Motion for Relief

limitations in FLSA collective actions set forth in *Guy* is inapplicable in the Ninth Circuit and the Court should deny Plaintiffs Motion pursuant to case law in the Ninth Circuit.

### B. EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS IS NOT WARRANTED

Two general categories of situations warrant equitable tolling: "(1) where the plaintiffs actively pursued their legal remedies by filing defective pleadings within the statutory period, or (2) where the defendant's misconduct induces failure to meet the deadline." (*Delgado v. Ortho-McNeil, Inc.* 2007 U.S. Dist. LEXIS 7473, at * 13 (C.D. Cal. 2007.) Courts may also apply equitable tolling when "when extraordinary circumstances beyond a plaintiff's control make it impossible to file a claim on time." (*Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2011 WL 5925078, at *2 (N.D. Cal. Nov. 28, 2011) (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).) "Equitable tolling is extended sparingly and only where claimants exercise diligence in preserving their legal rights." (*Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007).)

Here, Plaintiffs' collective action complaint was filed on March 8, 2023. (Dkt. No. 1-1.) Approximately 7 months later, on September 25, 2023, the deadline by which to file the motion, Plaintiffs filed their Motion for Conditional Certification of FLSA Collective Action. (*See* Dkt. Nos. 21, 27.) Plaintiffs did not need to conduct discovery before seeking conditional certification, as reliance on the pleadings is sufficient to move for conditional certification and Plaintiffs could have filed the preliminary certification motion at the pleading stage or immediately after Defendants filed their Answer. Furthermore, a related case *Bryan Hunt v. City of Los Angeles*, United States District Court Case No. 2:21-CV-06059 PA (RAOx) ("Hunt Litigation"), was based on the same sets of facts as the present case, represented by the same Counsel as the present case, and was also filed as a collective action complaint. In the present case, Plaintiffs did not exercise diligence

10

12445110.2 LO140-815  Defendants' Opposition to Plaintiffs' Motion for Relief

in preserving their legal rights and should have sought conditional certification at or near the time of filing the collective action complaint, especially with the knowledge dating back to the *Hunt* Litigation, that conditional certification would be sought based on the facts of the case.

### C. RULE 23 AND ITS UNDERLYING PRINCIPLES ARE INNAPPLICABLE

Plaintiffs, in arguing that the standard for equitable tolling in *Guy* should be applied to the facts of this case, rely on the *Guy* court's adoption of a rule similar to that in the class action context where a class member's claim relates back to the filing of the class action complaint. (Motion, p. 7:26-8:21.) The *Guy* Court adopted the rule in the FLSA collective action context where the statute of limitations is tolled from the filing of the initial collective action complaint until the deadline to file Consent to Join forms. (*Guy*, 2023 U.S. Dist. LEXIS 208546, at *12-13.) The court's reasoning for doing so relied upon *Clark*, which is not followed in the Ninth Circuit, and which has a single step for collective action certification using a heightened "strong likelihood" standard. Plaintiffs do not provide any case law in the Ninth Circuit to support its argument that this Court should adopt an equitable tolling rule for FLSA collective actions like in *Guy*. As stated in this Court's order, "the statute of limitations on a putative class member's FLSA claim continues to run in the time between the filing of the collective action complaint and the filing of their written consent opting in." (Dkt. No. 32, pp. 6-7, citing *Coppernoll v. Hamcor, Inc.*, C 16-05936, 2017 WL 1508853, at 1* (N.D. Cal. Apr. 27, 2017).)

Furthermore, a class action pursuant to Rule 23 is distinct from a FLSA collective action and, as a result, in the Ninth Circuit, "mimicking the Rule 23 standards in evaluating section 216(b) collective action is not appropriate." (*Campbell*, 903 F.3d 1090, 1113.) "In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt out of the suit. By contrast, in a collective action each plaintiff must opt into the suit

11

by 'giv[ing] his consent in writing.'"(*McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139, citing 29 U.S.C. § 216(b).) Unlike in the Sixth Circuit, in the Ninth Circuit, collective action certification requires no discovery, and a motion for collective action certification can be filed on or around the time the collective action complaint is filed, which allows plaintiffs to opt-in to the action on a shortened time line. In the Sixth Circuit, motions for collective certification require discovery, so a tolling rule as set forth in *Guy* is more appropriate in that context to preserve the potential plaintiffs' rights. Here, the Court should not grant Plaintiffs' motion to toll the statute of limitations because Plaintiffs could have filed their Motion for Conditional Certification of FLSA Collective Action on or around the time of the filing of the collective action complaint on March 8, 2023 and equity does not require tolling based on Plaintiffs failure to do so.

### V. OTHER BASES AGAINST GRANTING PLAINTIFFS' MOTION

Several other bases support this Court's denial of Plaintiffs' Motion. As an initial matter, Plaintiffs Motion fails to conform to the requirements of Local Rule 11-6.2 and this Courts Standing Order, Docket No. 10. Local Rule 11-6.2 requires the any memorandum of points and authority, including pretrial briefs, contain a Certificate of Compliance. This Court's Standing Order states that filings that do not conform with to the Local Rules will not be considered. (Dkt. No. 10, p. 5:18-19.) Plaintiffs' Motion does not contain a Certificate of Compliance and should not be considered on that basis.

Additionally, as set forth in Defendants' Reply ("Reply") to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("MSJ"), Defendants thoroughly addressed the inapplicability of equitable tolling to this case, to which Plaintiffs stated they would bring a standalone motion for equitable tolling and did not address the merits of Defendants' arguments. (Dkt. No. 48, p. 5:25-7:2) Also as set forth in Defendants' Reply, the case Plaintiffs cite to support the purported need

to move for equitable tolling in standalone motion, *Allen v. Beard*, 2019 WL 2501925, at fn. 3 (S.D. Cal. June 7, 2019), is not applicable because it discusses that fair notice requires that new claims and grounds for relief may not be raised in opposition to summary judgment and does not discuss equitable tolling. (Dkt. No. 6:14-20.) The Plaintiffs here are not raising a new cause of action that requires a standalone motion. Further, equitable tolling can be raised in an opposition to summary judgment.[2] The Court should not entertain Plaintiffs' motion as it an attempt to evade the page and word limit of it opposition to the MSJ.

Finally, the principles underlying judicial estoppel compel denial of Plaintiffs' motion. The Ninth Circuit has cautioned against reducing judicial estoppel to a single set of factors. (*See Ah Quin v. County of Kauai DOT*, 733 F.3d 267, 270 (9th Cir. 2013).) However, it has observed three factors that typically considered by courts in deciding whether to apply judicial estoppel,

> First, a party's later position must be 'clearly inconsistent' with its earlier position . . . Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

(*Id.*, citing *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).)

---

[2] For example, cases where tolling was argued to oppose an MSJ include *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1048 (9th Cir. 2020) and *Love v. Harsh Inv. Corp.*, 1993 U.S. App. LEXIS 973, at *3-4 (9th Cir. 1993).

The factors relied upon in the Ninth Circuit in determining the applicability of judicial estoppel are not "inflexible prerequisites or an exhaustive formula," rather "[a]dditional considerations may inform the doctrine's application in specific factual contexts." (*Id.* at 270-71.)

Here, Plaintiffs take a clearly inconsistent position related to their argument for equitable tolling. Through their Motion for Conditional Certification of FLSA Collective Action, Plaintiffs already asked the Court to equitably toll the statute of limitations to the date the motion was filed. (Dkt. No. 27, p. 16:8-9.) Now, in a clearly inconsistent position, Plaintiffs argue that the statute of limitations should be equitably tolled to the date the collective action complaint was filed. *Guy* does not provide support for Plaintiff's inconsistent positon since it is not applicable in the Ninth Circuit. Additionally, Plaintiffs argue that a request for equitable tolling must be brought in a standalone motion, but through their Motion for Conditional Certification of FLSA Collective Action, Plaintiffs requested that the Court equitably toll the statute of limitations. Plaintiffs provide no reason for their clearly inconsistent position that a request for tolling requires a standalone motion. If the Court were to consider this Motion and grant the Motion, which it should not for the reasons set forth above, an unfair detriment would be imposed on Defendants and Plaintiffs would derive an unfair advantage because Plaintiffs' had the opportunity to address Defendants' arguments through their Opposition to the MSJ, but did not in an attempt to circumvent the word and page limitations of their Opposition. Further, the Court already denied Plaintiffs' request for equitable tolling in connection with their preliminary certification motion. Plaintiffs do not provide any new facts to warrant the application of equitable tolling. Defendants would be unfairly disadvantaged if the Court changes course and applies equitable tolling.

## VI.    CONCLUSION

For the forgoing reasons, Defendants respectfully request that the Court deny

14

Defendants' Opposition to Plaintiffs' Motion for Relief

12445110.2 LO140-815

Plaintiff's Motion for Relief, with prejudice.

Dated: May 13, 2024                                              LIEBERT CASSIDY WHITMORE

By: */s/ Victor D. Gonzalez*
Geoffrey S. Sheldon
Elizabeth T. Arce
Alex Y. Wong
Victor D. Gonzalez
Attorneys for Defendants
COUNTY OF LOS ANGELES
and ANTHONY C. MARRONE

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

15

Defendants' Opposition to Plaintiffs' Motion for Relief

12445110.2 LO140-815

# **CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for County of Los Angeles and Anthony C. Marrone, certifies that this brief contains 3,302 words, which complies with the word limit of LR. 11-6.1.

Dated: May 13, 2024                    LIEBERT CASSIDY WHITMORE

By: */s/ Victor D. Gonzalez*
Geoffrey S. Sheldon
Elizabeth T. Arce
Alex Y. Wong
Victor D. Gonzalez
Attorneys for Defendants
COUNTY OF LOS ANGELES
and ANTHONY C. MARRONE

16

Defendants' Opposition to Plaintiffs' Motion for Relief

12445110.2 LO140-815