Ray & Seyb LLP
Charles M. Ray, Esq. SBN 282440
2062 Business Center Dr. Ste. 230
Irvine, CA 92612
Telephone: 949-734-7333
Telephone: 949-260-2054
c.ray@rayseyb.com

Attorneys for Plaintiffs:
BRYAN HUBBARD, individually and on behalf of all others similarly situated,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN HUBBARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; ANTHONY C. MARRONE, Chief of Los Angeles County Fire Department, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-03541-PA (RAOx)<br>[Assigned for all purposes to Honorable Percy Anderson– Crtm 9A]<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR RELIEF.**<br><br>Hearing Date: June 3, 2024<br>Time: 1:30 p.m.<br>Dept.:9A<br><br>Trial Date: October 15, 2024 |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In a review of the Defendants' opposition, nothing has changed as the grounds and application of the standards for equitable tolling in *Guy v. Absopure Water Co.* (E.D. Mich., Nov. 21, 2023, No. 20-12734) [pp. 9-10] remain in place. As discussed in this reply, Defendants opposition is riddled with misstatements of case precedent that render their arguments as unfounded. For the reasons raised in the initial motion, and now, upon reviewing Defendants' positions, it is clear that this Court must make an application of *Guy* and toll the statute as requested.

## II. REPLY ARGUMENT

A. <u>Defendants' argument that *Guy* is inapplicable to the Ninth Circuit is unpersuasive</u>.

Defendants have taken the position that Plaintiffs' cited case of *Guy v. Absopure Water Co.* is not applicable in the ninth because "The application of equitable tolling in Guy is premised on the one-step approach using a heightened standard for determining whether to certify collective actions employed in the Sixth Circuit pursuant to *Clark v. A&L Homecare & Training Ctr.*, LLC, 68 F.4th 1003, 1011 (6th Cir. 2023)." Op. P.5:10 – 14.

Defendants' representation of the "one-step" approach is a blatant false assertion. In *Clark v. A&L Homecare & Training Ctr.*, LLC, 68 F.4th 1003, 1011 (6th Cir. 2023), the Court specifically stated that the District Court, "Adopted the two-step 'certification' procedure described above, applied the usual 'fairly lenient' standard, and 'conditionally certified.'" *Id.* at 1008. At issue in *Clark* was not the two-step approach but the standard for the first step of "conditional certification" as it devolved into defining the standard to meet a threshold showing. Indeed, the Court in Clark analogized the first step, stating:

> "A district court's determination to **facilitate notice in an FLSA** suit is <u>analogous</u> to a court's decision whether to grant a preliminary injunction.

      Both decisions are provisional, in the sense that the court renders a final decision on the underlying issue (whether employees are "similarly situated" here, success on the merits there) only after the record for that issue is fully developed…" *Id.* at 1010-11.

The Court went on to hold, "We adopt that part of the preliminary-injunction standard here, and we hold that, for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011.

      The clear holding in *Clark* in no way stands for Defendants' proposition that there is a single-step approach. *Nor* does *Clark* stand for Defendants' additional position that it "requires discovery prior to certification (Clark, 68 F.4th 1003 at 1011)." Op at P. 9:8 – 9. This is true because, as noted by the Court, the final decision of "similarly situated" comes after the record is "fully developed." Thus, on this ground, Defendants' opposition fails as any argument based on the representation that *Clark* applies a "one-step process" (Op. at P.9:22 – 24) is unequivocally false.

B. <u>Defendants offer two arguments that are under cut by their own actions and lack precedent</u>.

      In section IV. B, Defendants offer two rather bizarre positions that lack any authority. First it is argued that Plaintiffs "did not need to conduct discovery" before seeking conditional certification. Op. P. 10:20 – 22. There is no authority for this position nor is there any reasoning to say that conducting any discovery prior to the submission of a motion for conditional certification is improper. At this point it must also be noted that the parties submitted a proposed scheduling order with timing for the motion for condition certification, therefore Defendants agreed to and availed Plaintiffs an opportunity to conduct discovery and include that information in their motion.

      ///

1      Defendants also offer the position that because there was an earlier related
2 case involving the same facts, with the same "Counsel," this somehow creates
3 some exception or in any way should be a factor in determining the applicability
4 of equitable tolling. Op. at P.10:24 – 27. Defendants are simply making it up as
5 they go along as there is no precedent or rule for such a prospect.

6 C.    The attempt to disqualify *Guy* and its Rule 23 application is dependent on
7       Defendants' misstatement of the standard for certification established in
8       *Clark,* rendering it dead on arrival.

9      In section IV. C, Defendants yet again premise their argument that the
10 Rule 23 application is *Guy* is built on the now *defunct* position that "*Clark*…has
11 a single step for collective action certification using a heightened 'strong
12 likelihood' standard." Op. P. 11:14 – 16. Defendants double down by also stating
13 that Sixth Circuit motions "require discovery." Op. P. 12:6 – 7. Again, this is a
14 misstatement, as the Court in *Clark* was opining on the standard for a motion
15 conditional certification and noted that the Court "may promptly initiate
16 discovery relevant to the motion, including if necessary, by 'court order.'" *Clark*
17 *supra*. at 1011. Here, the Court notes that to meet that standard, discovery may
18 be facilitated to give an opportunity to the motiving party to gather their facts.

19      Defendants go on to argue, "Plaintiffs do not provide any case law in the
20 Ninth Circuit to support its argument that this Court should adopt an equitable
21 tolling rule for FLSA collective actions like in Guy." Op. P. 11:16 – 18. This
22 point was acknowledged as addressed in Plaintiffs' initial motion in totally and
23 notable at Mtn. P.9 fn. 4. Interestingly enough, the Order by this Court was
24 issued on October 23, 2023. See Dkt. Entry No. 32. This Order in *Guy* was
25 issued on November 21, 2023. *Guy* is a new law that came after this Court's
26 Order. This new approach, which is in its infancy, now has the opportunity to be
27 brought into this District in the instant case. Doing so is neither novel nor
28 uncommon.

D.  <u>Plaintiff has remedied the issue raised regarding the Certificate of Compliance, which in *no way* prejudiced Defendants</u>.

On the issue of Plaintiffs' motion not containing a certificate of compliance, this issue has been remedied as a notice of errata was filed on May 17, 2024. See Dkt. Entry No. 53. This correction and submission have been made prior to the hearing date, and nowhere in the Defendants' opposition is there a position that they have been prejudiced in *any* way given the inadvertence that has now been remedied *prior* to this Court ruling on the motion. On this point, Plaintiffs submit that his motion should be considered and done so on its merits.

E.  <u>Plaintiffs have not taken an inconsistent position because the *Guy* opinion was issued after this Court's conditional certification, meaning it is new law</u>.

Finally, Defendants take the position that Plaintiffs have brought this stand-alone motion as it is an "attempt to evade the page and work limit of its opposition to the MSJ." Op. P. 13:7 – 8, P.14:21 – 22. Defendants also add essentially that Plaintiffs have taken an "inconsistent" position and could have raised this tolling position in their opposition.

First, Plaintiffs cited the substantive and controlling sections of *Guy* in their opposition. See Dkt—entry No. 47, P.16, Section "B" in totality. The Grounds in *Guy* are new (despite what Defendants argue at Op. P.5 – 6) because the decision was handed down *after* this Court ruled on conditional certification. In sum, there has been a change in the application of the law that Plaintiffs point to and now engage. Further, there is nothing inconsistent about Plaintiffs' position, as it is a more expansive application of equitable tolling that is new and has already been applied. Changes in the law and its application occur regularly, and this motion asks this Court to use a newly established standard.

///

///

### III. CONCLUSION

As discussed in their initial motion, and for the reasons discussed herein, Plaintiffs respectfully request that this Court issue a ruling that the date of filing of the consent forms for the collective member on January 30, 2024, be deemed filed on March 8, 2023, for the purposes of calculating and applying any applicable statute of limitation.

DATED: May 20, 2024               **RAY & SEYB LLP**

By: *[signature]*
Charles M. Ray
Attorneys for Plaintiff:
BRYAN HUBBARD, et al.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff Bryan Hubbard et al. certifies that this reply contains 1,332 words, which complies with the word limit of LR. 11-6.1

DATED: May 20, 2024

**RAY & SEYB LLP**

By: *[signature]*
Charles M. Ray
Attorneys for Plaintiff:
BRYAN HUBBARD, et al.